CHARLES F. VALENCE, RESPONDENT, v. VINCENT A. ROSEGRANT, APPELLANT.—80 S. W. (2d) 708.

St. Louis Court of Appeals. Opinion filed April 2, 1935.

*Walter Wehrle* and *T. J. Crowder* for appellant.

*Wm. R. Schneider* for respondent.

BECKER, J.—This is an action to recover damages for personal injuries sustained by plaintiff in consequence of an automobile collision at the intersection of Maple avenue and Leona street, University City, Missouri, between defendant's motor truck and an automobile in which plaintiff was riding as a guest.

Upon a hearing of the case to a jury a verdict resulted in favor of defendant. Thereafter a motion for new trial was filed by plaintiff, which motion was by the court sustained because of error in the giving of instruction numbered three requested by defendant. The court set aside the verdict and judgment, and defendant appeals.

For the purposes of this appeal, as to the pleadings, it is sufficient to state that plaintiff's petition was conventional, setting up various assignments of negligence. Defendant's answer was a general denial coupled with a plea of contributory negligence.

There was a conflict in the evidence as to the manner in which

the accident occurred, between the version presented by plaintiff's witnesses and that of the witnesses for defendant.

The sole point raised here is that the trial court erred in sustaining plaintiff's motion for a new trial on the ground that the court committed error in giving said instruction numbered three and in setting aside the verdict of the jury and judgment of the court and granting plaintiff a new trial.

Said instruction numbered three was a conventional instruction on the burden of proof, to which was added, however, the following sentence: ". . . If, therefore, you find the evidence touching the charge of negligence against the defendant to be evenly balanced, or the truth as to the charge of negligence against defendant remains in doubt in your minds after fairly considering the evidence, your verdict must be for defendant." This sentence in said instruction has been criticised for the reason that to instruct the jury that if they find the evidence to be evenly balanced or that the truth as to the charge of negligence against defendant remains in doubt after fairly considering the evidence, they should return a verdict for defendant, is equivalent "to saying that if on the whole evidence there remains a reasonable doubt as to the defendant's guilt or negligence, to give him the benefit of the doubt and find for defendant. This is the rule in criminal cases but not in civil cases." [Payne v. Reed (Mo.), 59 S. W. (2d) 43, loc. cit. 48. And to the same effect the cases of Shepard v. Schaff (Mo.), 241 S. W. 431; Hicks v. Vieghs (Mo.), 46 S. W. (2d) 604, loc. cit. 607; Denkman v. Prudential Fixture Co. (Mo.), 289 S. W. 591, loc. cit. 595, and Pappas Pie & Baking Co. v. Stroh Bros. Delivery Co. (Mo. App.), 67 S. W. (2d) 793.] These cases held that though the clause criticised was objectionable and should not appear in an instruction, yet where no other error appeared the giving of the criticised instruction did not constitute reversible error. In each case, however, the trial court had refused to grant a new trial because of the error in the instruction.

However in the instant case the trial court, which had given the instruction at the request of defendant, sustained the plaintiff's motion for new trial assigning as a ground therefor the giving of said instruction. This presents a different situation. The trial court evidently was of the opinion that the error in the instruction accounted for the jury returning a verdict for the defendant; that though the jury believed that the evidence touching the charge of negligence against the defendant predominated in favor of plaintiff, yet since there was a reasonable doubt as to whether the defendant was guilty of the negligence charged, they believed that under the said instruction they could not return a verdict for plaintiff. In that situation clearly the error in the instruction was prejudicial to the rights of plaintiff.

In this connection we note that in Payne v. Reed, supra, in discussing an identical clause in an instruction, referred to it as "a patent error though not stressed here, but which may account for the jury returning a verdict against the weight of the evidence," and in the case before us that is evidently what the trial judge was convinced of, namely, that the error in the instruction caused the jury to return a verdict against the weight of the evidence and therefore granted plaintiff's motion for a new trial.

Upon the record before us we cannot rule that the action of the trial court in granting plaintiff a new trial was error, and accordingly the action of the trial court should be affirmed and the cause remanded. It is so ordered. *Hostetter, P. J.,* and *McCullen, J.,* concur.